Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 979 | **DATE** | 3/20/2001 |
| **CASE TITLE** | EDDIE O'HARA vs. PAUL O'DONNEL | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing held and continued to 5/22/01 at 9:30 a.m. Enter Memorandum Opinion And Order. Plaintiff's claims for deprivation of property, violation of plaintiff's Fifth and Sixth Amendment rights, and violation of constitutional rights from racial epithets are dismissed. Plaintiff's motion to deny dismissal is denied. Counsel will be appointed to represent plaintiff.

(11) ☒ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | MAR 21 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 10 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| LG | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| EDDIE O'HARA, | ) |
| Plaintiff, | ) |
| | ) No. 98 C 0979 |
| v. | ) |
| | ) Judge John W. Darrah |
| PAUL O'DONNELL, ANTHONY LIACE, and RONALD CALIENDO, | ) |
| Defendants. | ) |

DOCKETED
MAR 21 2001

## MEMORANDUM OPINION AND ORDER

Plaintiff, Eddie O'Hara, filed suit, *pro se*, against defendants, Paul O'Donnell (O'Donnell), Anthony Liace (Liace), and Ronald Caliendo (Caliendo), alleging racial defamation, assault, false incarceration, theft, destruction and/or loss of property and violation of his IV, V, and VI rights under the United States Constitution. Before the Court is defendants' Motion to Dismiss Portions of Plaintiff's Amended Complaint and plaintiff's response to the motion, Motion to Deny Dismissal.[1]

In ruling on a motion to dismiss, the Court must accept the events as specified in the complaint as true, and all ambiguities are construed in favor of the plaintiffs. *Curtis v. Bembeneck*, 48 F.3d 281, 283 (7th Cir 1995). Federal notice pleading requires that a plaintiff "set out in [the] complaint a short and plain statement of the claim that will provide the defendant with fair notice of the claim." *Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir. 1999). When a complaint is prepared by a *pro se* litigant, the complaint may be dismissed for failure to state a claim only when it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which

---

[1] Plaintiff filed his response *pro se*. Plaintiff has proceeded *pro se* since September 10, 1999, after the court granted plaintiff's third court-appointed counsel's Motion to Withdraw.

would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

Plaintiff's complaint alleges that he was arrested at the corner of Michigan and Ontario in Chicago, Illinois. At the time of his arrest, O'Donnell, Liace, and Caliendo, Chicago Police Officers, refered to plaintiff as a "nigger". O'Donnell took plaintiff's wallet that contained personal papers and two $100 bills. At the police station, O'Donnell struck plaintiff's head against a steel door, and Liace also struck plaintiff. When plaintiff asked for the return of his money, Liace showed plaintiff a $100 bill and stated, "You ain't going to get this money back, nigger." Also at the police station, Caliendo ordered plaintiff to sign a piece of paper but refused to let plaintiff read the piece of paper. Caliendo told plaintiff that he was never going to see his personal property "by the time [he] got through with it." Caliendo filed charges of disorderly conduct against plaintiff. On the scheduled day of trial, April 29, 1998, the charges against plaintiff were non-suited.[2] Military records and personal property that were in plaintiff's wallet were never returned to him.

First, defendants argue that plaintiff is barred from pursuing any federal claims for the alleged deprivation of property because adequate state remedies exist. If a deprivation is the result of a random and unauthorized act such that a pre-deprivation hearing would not be feasible and the state provides an adequate post-deprivation remedy, the Due Process Clause of the Fourteenth Amendment has not been violated. *Parrat v. Taylor*, 451 U.S. 527, 541-43 (1981), overruled on other grounds *Daniels v. Williams*, 474 U.S. 327 (1986). A state official's conduct can be classified as random and unauthorized when he or she departs from established state procedure. *Easter House*

---

[2] Courts are permitted to take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a motion for summary judgment. *General Electric Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080-81 (7th Cir. 1997). Judicial notice is taken of the transcript of the proceedings of plaintiff's criminal prosecution for purposes of the present motion to dismiss.

2

*v. Felder*, 910 F.2d 1387, 1401 (7th Cir. 1990).

Here, the alleged conduct of the defendants is unauthorized and random. Furthermore, Illinois provides a remedy for the tort of conversion (705 ILCS 505/8(d)), of which plaintiff's allegation of deprivation of personal property would properly fall. Therefore, any claim under 42 U.S.C. § 1983 that premised on deprivation of personal property cannot stand. *See Bullock v. Barham*, 957 F.Supp. 154, 157 (N.D.Ill. 1997).

Defendants also argue that plaintiff's claims that his Fifth and Sixth Amendment rights were violated are not actionable because plaintiff has failed to allege any facts that would implicate either the Fifth or Sixth Amendment.

Plaintiff's complaint, nor his response to the motion for a more definite statement, does not specify which clause of the Fifth Amendment the defendants allegedly violated. Drawing all reasonable inferences from plaintiff's complaint, the Court concludes that plaintiff's Fifth Amendment claim is based on an alleged violation of plaintiff's Due Process rights under the Fifth Amendment. Plaintiff's complaint makes no allegations that the defendants violated plaintiff's right against double jeopardy. Furthermore, there are no allegations that plaintiff was compelled to be a witness against himself at his trial or that his statements were used against him at such trial because the plaintiff did not stand trial. Therefore, plaintiff's only basis for alleging that defendants violated his Fifth Amendment right is based on a Due Process violation. However, the Due Process Clause of the Fifth Amendment only applies to federal officials. *LaBoy v. Zuley*, 747 F.Supp. 1284, 1286 (N.D.Ill. 1990); *Johnson v. Carroll*, 694 F.Supp. 500, 503 (N.D.Ill. 1988). Defendants are not federal officials. Therefore, plaintiff's Fifth Amendment claim is dismissed.

Plaintiff's complaint also fails to specify which clause of the Sixth Amendment defendants

3

allegedly violated. The Sixth Amendment protects a person's right to counsel, right to be informed of the nature and cause of the accusation, right to a speedy trial, right to compulsory process, and right to a trial by jury. U.S. Const. amend. XI. Drawing all reasonable inferences from plaintiff's complaint and his response for a more definite statement, the Court is unable to discern anything that supports an allegation of claim within the Sixth Amendment. Therefore, plaintiff's Sixth Amendment claim is dismissed.

Defendants also argue that plaintiff's claims regarding the use of racial epithets are not actionable. Plaintiff uses the term "racial defamation" and cites to racial epithets in his complaint. "The use of racially derogatory language, while unprofessional and deplorable, does not violate the Constitution." *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). Therefore, any claims that defendants violated plaintiff's constitutional rights based on the racial epithets allegedly made toward him are dismissed.

Last, defendants argue that plaintiff's claims for malicious prosecution should be dismissed because plaintiff cannot satisfy the state law claim for malicious prosecution. "[T]he only constitutional amendment that is implicated by a malicious prosecution claim is the Fourth Amendment." *Washington v. Summerville*, 127 F.3d 552, 559 (7th Cir. 1997) (*Washington*), citing *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To state a claim for malicious prosecution under § 1983, a plaintiff must establish that: (1) he has satisfied the requirements of a state law cause of action for malicious prosecution; (2) the malicious prosecution was committed by state actors; and (3) he was deprived of a liberty. *Washington*, 127 F.3d at 558. Under Illinois law, a plaintiff must allege: (1) he was subjected to judicial proceedings; (2) for which there was no probable cause; (3) the defendant's instituted or continued the proceedings maliciously; (4) the proceedings were

terminated in plaintiff's favor; and (5) there was an injury. *Reed v. City of Chicago*, 77 F.3d 1049, 1051 (7th Cir. 1996).

In the present case defendants argue that plaintiff's proceedings were not terminated in his favor because the charge was non-suited due to the attorney not being available to go to trial on the date of trial. The plaintiff has the burden of proving a favorable termination. *Washington*, 127 F.3d at 557. This burden is met only when the plaintiff establishes that termination of the charge was entered for reasons consistent with his innocence. *See Washington*, 127 F.3d at 557. "The circumstances surrounding the cessation of the criminal proceedings must compel an inference that reasonable grounds to pursue the criminal prosecution were lacking." *Washington*, 127 F.3d at 557.

Here, defendants allege the transcript of the dismissal of plaintiff's criminal charge prove that the charge was not terminated in plaintiff's favor. The Court may take judicial notice of the trial transcript without converting the motion to dismiss into a motion for summary judgment. *General Electric Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997) (*General Electric*). This exception to Federal Rule of Civil Procedure 12(b) allows a court to avoid unnecessary proceedings when an undisputed fact in the public record establishes that the plaintiff cannot satisfy 12(b)(6). *General Electric*, 128 F.3d at 1081. The transcript of the dismissal of plaintiff's criminal charge contains undisputed facts in a public record that relate to the dismissal of plaintiff's criminal charge on the day it was dismissed that support defendants' argument. However, the transcript also indicates the trial was continued for several reasons and that plaintiff wished to proceed with trial. The transcript, by itself, does not establish the undisputed fact that plaintiff's charge was not terminated in plaintiff's favor. Therefore, as argued by defendants, defendants' Motion to Dismiss would be converted into a Motion for Summary Judgment in which plaintiff must

be allowed to present material pertinent to the motion under Rule 56. Accordingly, defendants' Motion to Dismiss plaintiff's malicious prosecution claim is denied.

For the foregoing reasons, plaintiff's claims for deprivation of property, violation of plaintiff's Fifth and Sixth Amendment rights, and violation of constitutional rights from racial epithets are dismissed. Plaintiff's Motion to Deny Dismissal is denied.

Dated: March 20, 2001

JOHN W. DARRAH
United States District Judge