Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 979 | **DATE** | 8/15/2001 |
| **CASE TITLE** | EDDIE O'HARA vs. PAUL O'DONNELL, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held. Enter Memorandum Opinion And Order. Defendants motion for summary judgment is granted, and defendants motion for relief is denied as moot.

(11) ☒ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | AUG 16 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 124 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | 01 AUG 15 PM 3:22 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

EDDIE O'HARA,

    Plaintiff,

v.

PAUL O'DONNELL, ANTHONY LIACE, and
RONALD CALIENDO,

    Defendants.

No. 98 C 0979

Judge John W. Darrah

## MEMORANDUM OPINION AND ORDER

Plaintiff, Eddie O'Hara, filed suit, *pro se*, against defendants, Paul O'Donnell (O'Donnell), Anthony Liace (Liace), and Ronald Caliendo (Caliendo), alleging racial defamation, assault, false incarceration, theft, destruction and/or loss of property and violation of his IV, V, and VI rights under the United States Constitution. In March 2000, this Court dismissed plaintiff's deprivation of property claim, violation of Fifth and Sixth Amendment claims, and plaintiff's constitutional claims based on "racial defamation". Plaintiff's malicious prosecution claim was not dismissed. Before the Court is defendants' Motion for Summary Judgment for the malicious prosecution claim and defendants' Motion for Relief.

Summary judgment is proper if " the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). All the evidence and the reasonable inferences that may be drawn from the evidence are viewed in the light most favorable to the nonmovant. *Miller v. American Family Mutual Ins. Co.*, 203 F.3d 997, 1003 (7th Cir. 2000). However, the nonmovant

must still come forward with evidence establishing the elements of his claim on which he bears the burden of proof at trial. *Miller*, 203 F.3d at 1003.

In the instant case, plaintiff failed to file an appropriate response to defendants' Motion for Summary Judgment.[1] Plaintiff's "response" to the Motion for Summary Judgment consists of a statement of the legal standard used by the Court in ruling on a motion to dismiss, a partial copy of the United States Constitution, a copy of *Padilla v. County of Cook*, 1999 WL 284359 (Apr. 28, 1999), and voluminous copies of pleadings filed in the lawsuit. Plaintiff does not present any argument against the summary judgment, does not deny any of defendants' material facts, and does not provide any additional facts. Therefore, all the material facts averred by defendants are deemed admitted because plaintiff failed to controvert such facts. *See Oates v. Discovery Zone*, 116 F.3d 1161, 1167 (7th Cir. 1997); L.R. 56.1(b)(3)(B). Although plaintiff failed to respond to defendants' Motion for Summary Judgment, the motion will only be granted if they demonstrate that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. *See Johnson v. Gudmundsson*, 35 F.3d 1104, 1112 (7th Cir. 1994).

On the afternoon of August 15, 1998, Police Officers O'Donnell and Liace were assigned to direct and control pedestrian and vehicular traffic at Michigan Avenue and Ontario in Chicago, Illinois. (Def.'s 56.1(a)(3) Statement ¶¶ 2-3). On that day, the temperature was hot, and the area the officers were working was congested with people and cars because the Michigan Avenue Bridge was under construction and all CTA buses were re-routed to turn west on Ontario. (Id., at ¶ 4).

---

[1] Plaintiff filed his "response" *pro se*. Plaintiff has proceeded *pro se* since September 10, 1999, after the court granted plaintiff's third court-appointed counsel's Motion to Withdraw. In addition, the Court appointed plaintiff new counsel in May 2001, and plaintiff has refused assistance from such counsel. (*See* Plaintiff's Response to Judge John W. Darrah's Memorandum and Order filed on May 22, 2001)

Plaintiff was walking down the street from where he parked his car to the corner of Ontario and Michigan Avenue. (Def.'s 56.1(a)(3) Statement ¶ 5). When plaintiff first observed O'Donnell, plaintiff was walking south at the northwest corner of the intersection of Ontario and Michigan Avenue. (Id., at ¶ 6). The corner of Ontario and Michigan Avenue was crowded with about 35 people waiting to cross the street, when plaintiff walked through the crown and into the street, against the light and into oncoming traffic. (Id., at ¶ 7).

When plaintiff walked into the street, O'Donnell blocked him with his arm and ordered him to get back on the sidewalk. (Def.'s 56.1(a)(3) Statement ¶ 8). Plaintiff began arguing loudly with O'Donnell. (Id., at ¶ 9). Liace observed plaintiff trying to cross the street and arguing with O'Donnell and went to assist O'Donnell. (Id., at ¶ 12). A crowd became attracted to the area, causing a disruption in the flow of pedestrian traffic and causing the officers to believe some of the pedestrians feared for their safety. (Id., at ¶ 11). Plaintiff was arrested for disorderly conduct at which time, he voluntarily put his hands behind his back for handcuffing. (Id., at ¶¶ 12-13). Plaintiff was transported to the police station by two different officers. (Id., at ¶ 14).

O'Donnell and Liace met plaintiff at the police station. (Def.'s 56.1(a)(3) Statement ¶ 16). Caliendo was the Acting Desk Sergeant at the police station. (Id., at ¶ 1). O'Donnell took plaintiff into the police station and handcuffed him to a wall while O'Donnell filled out paperwork. (Id., at ¶ 17). Liace and O'Donnell charged plaintiff with disorderly conduct because plaintiff was disturbing the peace, attracting a crowd, causing the crowd to fear for their safety, arguing with police officers, and taking the officers away from their duties. (Id., at ¶ 18).

Plaintiff was subsequently taken to lock-up, where he remained for approximately one hour. (Def.'s 56.1(a)(3) Statement ¶ 19). After being taken out of lock-up, plaintiff went to collect his

property from Caliendo, the desk sergeant. After receiving back his property, plaintiff told Caliendo that he was missing money. Plaintiff did not have an inventory slip, and the inventory book did not list any money as plaintiff's property. Plaintiff refused to take his property and left the station. Caliendo re-inventoried plaintiff's property. (Id., at ¶ 20).

On August 29, 1998, plaintiff was scheduled to go to trial on the misdemeanor charge against him. The arresting officers were present in court. (Def.'s 56.1(a)(3) Statement ¶ 22). The Assistant Corporation Counsel prosecuting plaintiff's case was not able to proceed with trial due to another matter and the court denied the City's motion for a continuance. The charges against plaintiff were non-suited. (Id., at ¶¶ 23-24).

Defendants first argue that they are entitled to qualified immunity because the arresting officers did not violate a clearly established constitutional right.

[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Once the defense of qualified immunity is raised, the plaintiff bears the burden of proof on the issue. *Erwin v. Daley*, 92 F.3d 521, 525 (7th Cir. 1996) (*Erwin*). Two questions are pertinent when considering a defense of qualified immunity -- first, whether the plaintiff has asserted a violation of a constitutional right and, second, whether the plaintiff has established that the applicable constitutional standards were clearly established at the time in question. As to the second question, the "key point" is whether a reasonable person would have been on notice that his actions violated clearly established law. *Erwin*, 92 F.3d at 525.

Accordingly, the question before this Court is whether a reasonable person would have been

4

on notice that arresting an individual for disorderly conduct based on the circumstances of this case violated the Fourth Amendment. *See Washington v. Summerville*, 127 F.3d 552, 559 (7th Cir. 1997) (*Washington*) ("[T]he only constitutional amendment implicated by a malicious prosecution claim is the Fourth Amendment." ). In other words, did the officers have probable cause or "arguable" probable cause to arrest plaintiff for disorderly conduct. *See Humphrey v. Staszak*, 148 F.3d 719, 725 (7th Cir. 1998) (*Humphrey*); *Biddle v. Martin*, 992 F.2d 673, 675-76 (7th Cir. 1993).

Probable cause to arrest exists if the facts and circumstances within the officer's knowledge and reasonably trustworthy information he or she has are sufficient to warrant a prudent person in believing that the suspect has committed or was committing a crime. *Biddle*, 992 F.2d at 678. "Arguable" probable cause exists when 'a reasonable police officer in the same circumstances and with the same knowledge and possessing the same knowledge as the officer in question could have reasonably believed that probable cause existed in light of well-established law.' *Humphrey*, 148 F.3d at 725 (citations omitted). The question is whether the officer acted reasonably under settled law in the circumstances, not whether another reasonable or more reasonable interpretation of the events could be constructed several years after the fact. *Humphrey*, 148 F.3d at 725.

In Illinois, an individual commits disorderly conduct if he or she "knowingly ... [d]oes any act in such unreasonable manner as to alarm or disturb another and to provoke a breach of the peace." 720 ILCS 5/26-1. Arguing with a police officer, even if done loudly, standing alone, is insufficient to constitute disorderly conduct. *Humphrey*, 148 F.3d at 727. However, arguing with a police officer can be disorderly conduct under Illinois law, depending on the circumstances and the argument's tendency to create public disorder. *See Humphrey*, 148 F.3d at 726; *Biddle*, 992 F.2d at 678-79. "Therefore, in the context of an arrest for disorderly conduct, the doctrine of qualified

5

immunity should provide broad protection from suit where the facts show that in addition to loud argument, such factors as time, place, circumstances, and conduct other than arguing, support probable cause." *Humphrey*, 148 F.3d at 726.

In the instant case, plaintiff began arguing with one officer after the officer attempted to prevent plaintiff from entering and crossing the street against the stop light. The intersection in which the argument ensued was busy with both vehicular and pedestrian traffic. Another officer at the intersection observed the argument and went to the other officer and plaintiff to assist. The argument attracted a crowd, disrupted the flow of pedestrian traffic, and the officers believed that some of the crowd feared for their safety.

The above facts support a finding of probable cause to arrest plaintiff for disorderly conduct. Plaintiff's conduct occurred at a busy intersection with heavy vehicular and pedestrian traffic; the conduct disrupted and interfered with the officers' duties; the conduct occurred in the presence of a crowd of pedestrians; more individuals came to the area because of the argument; pedestrian flow was disrupted; and the officers believed that the individuals in the crowd feared for their safety. Under these circumstances, probable cause existed. *See Humphrey*, 148 F.3d at 726; *Biddle*, 992 F.2d at 678-79. Accordingly, the officers did not violate a clearly established law, and they are entitled to qualified immunity.

Assuming argumendo, that the circumstances did not rise to probable cause, "arguable" probable cause exists. Under the circumstances, a reasonable police officer could have reasonably believed that probable cause existed in light of the established law. Accordingly, the officers would be entitled to qualified immunity due to the presence of "arguable" probable cause. *See Humphrey*, 148 F.3d at 725.

The above finding of probable cause is also an absolute bar to plaintiff's § 1983 claim. *Biddle*, 992 F.2d at 678.

Furthermore, plaintiff is unable to prove his claim for malicious prosecution. To state a claim for malicious prosecution under § 1983, a plaintiff must establish that: (1) he has satisfied the requirements of a state law cause of action for malicious prosecution; (2) the malicious prosecution was committed by state actors; and (3) he was deprived of a liberty. *Washington*, 127 F.3d at 558. Under Illinois law, a plaintiff must prove: (1) he was subjected to judicial proceedings; (2) for which there was no probable cause; (3) the defendant's instituted or continued the proceedings maliciously; (4) the proceedings were terminated in plaintiff's favor; and (5) there was an injury, for a state law malicious prosecution claim. *Reed v. City of Chicago*, 77 F.3d 1049, 1051 (7th Cir. 1996).

For the reasons stated above, plaintiff has not demonstrated a material question of fact exists whether probable cause existed. Therefore, he is unable to satisfy the requirements of the state law cause of action for malicious prosecution.

Lastly, defendant Caliendo argues that summary judgment is proper because he did not have the requisite personal involvement to impose § 1983 liability.

A plaintiff must show that the government officer caused the deprivation of a federal right to establish personal liability in a § 1983 claim. *Brokaw v. Mercer County*, 235 F.3d 1000, 1012 (7th Cir. 2000) (*Brokaw*). A government official causes a constitutional violation if he sets in motion a series of events that defendant knew or reasonably should have known would cause others to deprive plaintiff of constitutional rights. *Brokaw*, 235 F.3d at 1012.

In the instant case, Caliendo was the desk sergeant at the time of plaintiff's arrest and had no involvement with plaintiff other than trying to return his property and re-inventorying his property

7

after plaintiff refused to take back his property. Caliendo was not involved in the arrest or charging of plaintiff with disorderly conduct. Accordingly, he did not cause the alleged constitutional deprivation, and he cannot be held liable pursuant to § 1983.

Defendants have also filed a Motion for Relief Pursuant to Federal Rule of Civil Procedure 11, 12(f), and 37, following plaintiff's filing of a Notice of Records Deposition. In light of the above findings, defendants' Motion for Relief is denied as Moot.

For the reasons stated above, defendants' Motion for Summary Judgment is granted, and defendants' Motion for Relief is denied as moot.

Dated: August 15, 2001

JOHN W. DARRAH
United States District Judge